**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kathleen Felton O'Dowd, | ) | No. CIV 05-722 TUC GEE |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| UNUM Life Insurance Company of America, | ) | |
| Defendant. | ) | |

Pending before the court is a motion for reconsideration filed by the defendant, UNUM Life Insurance Company of America (UNUM), on July 21, 2006.  [doc. # 35]

O'Dowd is the beneficiary of an insurance policy, issued by UNUM, insuring the life of her late husband, Hector Felton.  O'Dowd claims UNUM breached this insurance contract by failing to pay the death benefits to which she is entitled.  In the instant motion, UNUM moves that the court reconsider its previous order granting O'Dowd's motion to amend the complaint.

Magistrate Judge Edmonds presides over this action pursuant to 28 U.S.C. § 636(c)(1) having received the written consent of all parties.

The motion will be denied.  The court's earlier decision to grant O'Dowd's motion to amend the complaint was not based on a factual error.

Background

In her original complaint, O'Dowd raised three separate claims: breach of the duty of good faith and fair dealing, breach of contract and punitive damages. [doc. # 1, Exhibit A] Shortly after the complaint was filed, UNUM paid O'Dowd the full amount of the death benefit plus interest. [doc. # 14, Exhibit 10]

O'Dowd's counsel contacted the attorney representing UNUM and informed her that O'Dowd "did not intend to pursue the claims of bad faith and punitive damages." [doc. # 30, affidavit of counsel] The parties, however, were unable to agree on a stipulation to that effect. *Id.* Apparently, UNUM insisted the claims must be dismissed with prejudice. *Id.*

The court set the action for a scheduling conference pursuant to FED.R.CIV.P 16. The parties submitted a joint status report on January 18, 2006. In that report, the parties acknowledged the claim was now paid, and O'Dowd stated her intention to withdraw her claims of bad faith and punitive damages. [doc. # 5] O'Dowd asserted the only remaining issue is whether UNUM is liable for attorney's fees. *Id.*

On March 6, 2006, UNUM filed a motion for summary judgment on all three claims. O'Dowd filed a response and cross-motion for summary judgment. In her response brief, O'Dowd reaffirms her previously stated intention to abandon her claims for bad faith and punitive damages. [doc. # 14] She moves that the court award attorneys' fees provided she is entitled to them without a judgment on the merits. *Id.* If not, then she moves for summary judgment on the contract claim. *Id.* On May 16, 2006, this court instructed O'Dowd to file a formal motion to amend if she truly intended to abandon two of her claims.

On May 23, 2006, O'Dowd filed a motion to amend the complaint by removing her claims for bad faith and punitive damages. In its response brief, UNUM argued the motion should not be granted in part because it expended time and money briefing these two claims in its previously filed motion for summary judgment.

The court granted the motion to amend on July 7, 2006. In that order, the court noted that UNUM "was on notice as early as January 13, 2006, that O'Dowd did not intend to pursue these claims." [doc. # 31] The court further observed that,

> UNUM could have told O'Dowd it intended to move for summary judgment on all three claims if O'Dowd failed to file a motion to amend by a date certain. It did not do so. UNUM briefed these issues at its own risk.

*Id.*

### Discussion

In the instant motion for reconsideration, UNUM argues the court's decision to grant the motion to amend is based on an error of fact. (Defendant's motion, p. 2.) Contrary to the court's understanding, UNUM *did* notify O'Dowd that it intended to file a motion for summary judgment on all counts. *Id.* When the parties met to compose their joint report, there was some discussion about O'Dowd's intention to drop two of her claims. *Id.* UNUM, however, would not agree to dismissal of the claims with prejudice and warned O'Dowd that it intended to move for summary judgment on them. *Id.* These facts, it argues, show UNUM did not brief these claims "at its own risk." *Id.* UNUM, however, fails to understand the court's reasoning.

UNUM briefed these claims "at its own risk" not because it failed to warn O'Dowd that it was planning to file a motion for summary judgment, but because it failed to insure O'Dowd would not file a motion to amend after its own motion had been filed. The court merely suggested one way in which UNUM might have done this – it could have told O'Dowd it would file a motion for summary judgment if O'Dowd did not file a motion to amend by a date certain.

The court does not imply UNUM *should* have done this or something similar. The litigants are free to conduct themselves as they see fit. The court merely observes that UNUM chose to file its motion with the knowledge that O'Dowd intended to drop these claims and without safeguarding against the possibility that the complaint would be amended later. Accordingly, it briefed these claims "at its own risk."

Moreover, O'Dowd's motion to amend her complaint saves scarce judicial resources. It does not cause UNUM prejudice. *See Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3rd Cir. 1969). The court will not reconsider its order granting the motion to amend.

IT IS ORDERED that the motion for reconsideration filed by the defendant, UNUM Life Insurance Company of America, on July 21, 2006, is DENIED. [doc. # 35]

DATED this 3rd day of August, 2006.

Glenda E. Edmonds
United States Magistrate Judge