**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kathleen Felton O'Dowd, | ) | No. CIV 05-722 TUC GEE |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| UNUM Life Insurance Company of America, | ) | |
| Defendant. | ) | |

Pending before the court is a motion for summary judgment filed on March 6, 2006, by the defendant, UNUM Life Insurance Company of America (UNUM). [#11][1] Included within is a motion for costs and attorneys' fees pursuant to A.R.S. § 12-341.01.

Also pending is a cross-motion for summary judgment filed by the plaintiff, Kathleen Felton O'Dowd, on March 17, 2006. [#14] Included within is a cross-motion for attorneys' fees pursuant to A.R.S. § 12-341.01.

O'Dowd is the beneficiary of an insurance policy, issued by UNUM, insuring the life of her late husband, Hector Felton. O'Dowd claims UNUM breached this insurance contract by failing to pay the death benefits to which she is entitled.

Magistrate Judge Edmonds presides over this action pursuant to 28 U.S.C. § 636(c)(1) having received the written consent of all parties.

---

[1] Clerk's record number.

1 All motions will be denied. The underlying contract claim is now moot. Attorneys' fees and costs will not be awarded because there are no "successful parties" as required by statute.

### Factual and Procedural Background

O'Dowd's husband, Hector Felton, purchased an accidental death and dismemberment insurance policy from the defendant, UNUM. (Defendant's statement of facts, ¶1.) The policy provided for a $250,000 death benefit. *Id.* The plaintiff, O'Dowd, was the named beneficiary. *Id.* The policy excluded from coverage death resulting from "an attempt to commit or commission of a crime under state or federal law." *Id.*, ¶ 3. The policy further explained that before a claim is paid, UNUM must be given the information needed "to determine if a benefit is payable and how much that benefit should be." *Id.*, ¶ 5.

On July 8, 2004, Felton traveled from Tucson, Arizona to Monterrey, Mexico on business. *Id.*, ¶ 11. Shortly afterward, he was kidnapped, held for ransom and ultimately murdered. *Id.*, ¶¶ 10-14, 39, 42, 47, 49-52.

O'Dowd contacted UNUM to make a claim for benefits under the policy. Payment, however, was not immediately forthcoming. Claim processing was delayed due to a number of factors. O'Dowd did not formally file the written claim and the associated documentation until May of 2005. *Id.*, ¶ 8. Due to scheduling conflicts, she was not interviewed by a UNUM representative until September of 2005. *Id.*, ¶¶ 23-32. Payment was further delayed by UNUM's investigation into the circumstance surrounding Felton's death. UNUM discovered Felton had a fairly extensive criminal history and, at the time of his death, had been on probation for fraud or conspiracy to commit fraud. *Id.*, ¶¶ 19-22. Apparently, UNUM believed Felton's death might not be covered due to the exclusion for loss resulting from the commission of a crime. *Id.*, ¶¶ 3, 56. On October 27, 2005, a UNUM investigator traveled to Monterrey, Mexico and met with the officers investigating Felton's disappearance. *Id.*, ¶ 49. The investigator presented his supplemental report to UNUM on November 15, 2005. *Id.*, ¶ 54.

Previously, on October 31, 2005, O'Dowd filed a complaint in state court claiming breach of the duty of good faith and fair dealing, breach of contract and entitlement to punitive damages. UNUM removed the action to federal court on November 30, 2005. On December 19, 2005, UNUM paid O'Dowd the full death benefit with interest. (Plaintiff's statement of facts, ¶ 5f.)

The court set the action for a scheduling conference pursuant to Rule 16. FED.R.CIV.P. The parties submitted a joint status report on January 18, 2006. In that report, the parties acknowledged the claim was now paid, and O'Dowd stated her intention to withdraw her claims of bad faith and punitive damages. O'Dowd asserted the only remaining issue is whether UNUM is liable for attorneys' fees.

On March 6, 2006, UNUM filed the instant motion for summary judgment on all three claims and the included motion for attorneys' fees. O'Dowd filed a combined response and cross-motion for summary judgment. In her response brief, O'Dowd reaffirmed her previously stated intention to abandon her claims for bad faith and punitive damages. [doc. # 14] She moved for attorneys' fees assuming she is entitled to them without a judgment on the merits. *Id.* If not, then she moved for summary judgment on the contract claim. *Id.* UNUM filed its reply on April 17, 2006, and O'Dowd filed her reply on May 9, 2006.

On May 16, 2006, this court instructed O'Dowd to file a formal motion to amend if she truly intended to abandon two of her claims. On May 23, 2006, O'Dowd filed a motion to amend the complaint by removing her claims for bad faith and punitive damages. UNUM filed a response opposing the motion and O'Dowd filed a reply.

The court granted the motion to amend on July 7, 2006. UNUM filed a motion to reconsider which the court denied.

Previously, on April 28, 2006, the court ordered the parties to file supplemental briefs on the issue of mootness. On June 8, 2006, UNUM filed its supplemental brief. O'Dowd filed a response on July 21, 2006, and UNUM filed a reply on July 31, 2006.

A hearing on the motions was held on September 19, 2006. The motions will be denied.

### Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In this case, O'Dowd's claims for bad faith and punitive damages have been withdrawn. UNUM's motion for summary judgment on these claims must be denied.

The motion and cross-motion for summary judgment on the contract claim also will be denied. There is no longer a justiciable controversy before the court.

### Discussion: Standing

A party seeking to invoke the jurisdiction of the federal courts must, as a threshold matter, establish "standing" under Article III of the United States Constitution. *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 820-21 (9th Cir. 2002). The "core" or "bedrock" elements of standing are "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Id.*

Mootness is a related term sometimes defined as "the doctrine of standing set in a time frame." *U. S. Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *American Cas. Co. of Reading, Pennsylvania v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994). When a case becomes moot, the court loses jurisdiction and the matter must be dismissed. *Doe v. Madison School Dist. No. 321*, 177 F.3d 789, 797-98 (9th Cir. 1999). The court will not render advisory opinions. *Dream Palace v. County of Maricopa*, 384 F.3d 990, 999 (9th Cir. 2004).

O'Dowd's contract claim is now moot. The defendant paid the claim for benefits in full with interest. In Arizona, attorneys fees are not recoverable as part of general contract damages. *Ponderosa Plaza v. Siplast*, 181 Ariz. 128, 132, 888 P.2d 1315, 1319 (App. 1993);

1  *Miscione v. Bishop*, 130 Ariz. 371, 374, 636 P.2d 149, 152 (App. 1981).  O'Dowd has
2  received all the redress to which she is entitled.  This claim is now moot.  *See, e.g., Carter
3  v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986) (FOIA action was mooted when the
4  defendant voluntarily mailed requested documents to the plaintiff.); *Griffith v. Sullivan*, 987
5  F.2d 25, 27 (1st Cir. 1993) (Appeal was moot after the defendant paid the plaintiff all the
6  monetary damages he was entitled to recover.)  There are outstanding motions for attorneys'
7  fees pursuant to statute, but these motions do not prevent the underlying action from
8  becoming moot.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990); *Cammermeyer
9  v. Perry*,  97 F.3d 1235, 1238 (9th Cir. 1996).  The motion and cross-motion for summary
10 judgment on this claim must be denied.

### Attorneys' Fees

Resolution of the underlying contract claim does not settle the question of attorneys' fees.  These motions survive independently.  *See Carter*, 780 F.2d at 1481.  Pursuant to statute, "The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."  A.R.S. § 12-341.  Moreover,

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees. . . .

A.R.S. § 12-341.01.

Attorneys' fees and costs are not available unless the party is "successful."  The court makes this determination by considering the "totality of the circumstances and the relative success of the litigants."  *McAlister v. Citibank*, 171 Ariz. 207, 261, 829 P.2d 1253, 1262 (App. 1992).  One may be a "successful party" without having obtained a favorable judgment on the merits.  *See, e.g., Ogden v. U.S. Fidelity and Guar. Co.*,  188 Ariz. 132, 136, 933 P.2d 1200, 1204 (App. 1996) ("Even though appellants did not receive a formal judgment settling

1  the controversy, we believe they can be treated as the successful parties . . . ."). If the
2  resolution of the action leaves no clear victor, the court may find there are no successful
3  parties. *See Bank One, Arizona v. Rouse*, 181 Ariz. 36, 41, 887 P.2d 566, 571 (App. 1994).

4  UNUM argues in its motion that it is entitled to costs and attorneys' fees assuming its
5  motion for summary judgment is successful. The motion for summary judgment, however,
6  will be denied as explained above. According, UNUM is not a successful party and is not
7  entitled to costs and attorneys' fees.

8  O'Dowd argues she is a successful party because her lawsuit caused UNUM to pay
9  her claim for benefits. She bases her argument largely on the timing of the payment which
10 was made approximately one month after the suit was filed but a full seven months after she
11 submitted her written claim for benefits. If this were a case where there were no obvious
12 reasons for UNUM to delay payment, the court might find the timing of the payment
13 suspicious. Here, however, the record contains a number of reasons to explain this delay.

14 Although O'Dowd submitted her written claim for benefits in May of 2005, she was
15 not interviewed by a UNUM representative until September of 2005, due to scheduling
16 conflicts. Payment was further delayed by UNUM's investigation into the circumstances
17 surrounding Felton's death. Felton had a fairly extensive criminal history and there was a
18 colorable concern that his death might not be covered due to the exclusion for loss resulting
19 from the commission of a crime. Although the complaint was filed at the end of October of
20 2005, UNUM's investigator traveled to Mexico in late September and did not file his final
21 report until November 15, 2005. UNUM paid the claim on December 19, 2005.

22 It appears that UNUM was actively investigating O'Dowd's claim before and after
23 the complaint was filed. Moreover, UNUM submitted the affidavit of its claims consultant
24 who states she paid the claim for benefits when her investigation was finished and not
25 because the lawsuit was filed. (Defendant's statement of facts, Exhibit 3.) On this record,
26 O'Dowd cannot show UNUM paid her claim for benefits because she filed her lawsuit and
27 not because it completed its investigation in the ordinary course of business.

28

1 In her response brief, O'Dowd directs the court to a claim document dated June 1, 2 2005. (Plaintiff's statement of facts, ¶ 5a.) O'Dowd argues this document is important 3 because in it "UNUM's claims investigator stated that the claim had 'no' priority and its 4 status was 'completed'." *Id.* If true, this would be strong evidence that UNUM completed 5 its investigation in June and paid the claim in December only because the suit was filed. 6 O'Dowd, however, misinterprets the document.

7 The claims file contains a number of these computer generated file reports. The 8 reports all have the same format and contain the headings: Type, Subject, Priority, Status, 9 and Notes. *See, e.g.*, (Plaintiff's response, Exhibit 5, UACL00186.) The report cited by 10 O'Dowd reads as follows:

11     Type: Reassign

12     Subject:

13     Priority: No

14     Status: Completed

15     Notes: Foreign Death/Homicide

16     Created By: Salvatore, Teresa
    Created Date: 06/01/2005 - 14:10:30
17     Create Site: Portland

18     Completed By: Haggerty, Karen
    Completed Date: 06/02/2005 - 11:10:54
19     Completed Site: Portland

20 *Id.*

21 O'Dowd argues this note proves the claim review was "Completed" in June. The 22 court does not agree. Instead, it appears that the note simply documents the completion of 23 an internal reassignment of the claim. The court's interpretation is further supported by 24 considering other claim file entries written with the same format. For example, file entry 25 UACL00111 reads in pertinent part as follows:

26     Type: Received call

27     Subject: call from Roy

28     Priority: No

- 7 -

1     Status: Completed

2     Notes:

3     Roy called to update me. is going to attempt to get FBI file info before going back to interview wife. I told him . . . .

Created By: Haggerty, Karen
Created Date: 07/05/2005 - 15:40:47
Create Site: Portland

Completed By: Haggerty, Karen
Completed Date: 07/05/2005 - 15:40:47
Completed Site: Portland

(Defendant's motion, Exhibit 1- F.) This report describes the ongoing claim investigation. The term "Status: Completed" obviously does not indicate that the *claim* is now completed. Instead, it must refer back to the task, "Received call." The *call* has been competed, not the claim review. The report cited by O'Dowd should be interpreted in the same manner. This report documents the completion of an internal reassignment. It does not document the completion of the claim investigation.

O'Dowd argues generally that UNUM had proof of Felton's death in June and should have ended its investigation then. UNUM, on the other hand, asserts its investigation was proper. These arguments are irrelevant. O'Dowd's claim for bad faith is no longer before the court. It does not matter if UNUM's investigation was reasonable or not. The only issue here is whether UNUM paid the claim because it concluded its investigation or because O'Dowd filed suit. The court concludes UNUM paid the benefit because its investigation, reasonable or not, was over. O'Dowd's complaint did not trigger UNUM's payment. O'Dowd is not a successful party to the litigation.

After considering the "totality of the circumstances and the relative success of the litigants," the court concludes there are no successful parties. *See McAlister v. Citibank*, 171 Ariz. 207, 261, 829 P.2d 1253, 1262 (App. 1992). The motions for costs and attorneys' fees will be denied. Accordingly,

IT IS ORDERED that motion for summary judgment and costs and attorneys' fees filed on March 6, 1006, by the defendant, UNUM Life Insurance Company of America, is DENIED. [#11]

IT IS FURTHER ORDERED that the cross-motion for summary judgment and attorney's fees filed on March 17, 2006, by the plaintiff, Kathleen Felton O'Dowd, is DENIED. [#14]

This action is dismissed as moot. The Clerk shall close the case and enter judgment accordingly.

DATED this 6th day of October, 2006.

*[signature]*
Glenda E. Edmonds
United States Magistrate Judge